# CIRCUIT COURT OF THE CITY OF RICHMOND

Shirley Ann Smith Cardwell

v.

Charles P. Cardwell, III

November 16, 1995

Case No. P-3405

BY JUDGE RANDALL G. JOHNSON

This divorce case, in which a final decree was entered in 1987, was reinstated on the wife's petition for a show cause order against the husband. At issue is whether paragraph 6 of the parties' separation agreement, which was incorporated into the final decree, has been breached by the husband and, if so, whether such breach was waived by the wife.

Paragraph 6 provides:

> 6. *Life Insurance.* Husband shall provide to wife fully paid-up life insurance on his life with a net death benefit payable to wife on husband's death in the amount of $100,000. Wife shall be owner of said life insurance. Husband shall provide said insurance to wife within fifteen (15) days of the execution of this agreement by both parties.

The husband called as a witness Theodore Kayes, a financial planner. It was Mr. Kayes' testimony that the phrase "fully paid-up life insurance" is not a phrase that is used in the insurance industry. What the parties probably meant, according to Kayes, was a "single-premium" policy. The court finds this to be a distinction without substance. Indeed, based on Kayes' answers to questions posed by counsel and the court, it is clear to the court that what the parties called "fully paid-up" insurance and what Kayes calls "single-premium" insurance are precisely the same thing; that is, an insurance policy that pays a specified benefit and on which no

premiums, except the premium paid at the time the policy is purchased, are paid. The policy obtained by the husband did not meet that criteria. The court finds, however, that the husband's failure to comply with paragraph 6 was excused or waived by the wife.

Upon signing the separation agreement on April 22, 1987, the husband purchased a life insurance policy with a death benefit of $100,000. Instead of being fully paid up when purchased, however, the policy required annual premiums of $4,610 for seven years, which the husband paid in advance. After seven years, further premiums may or may not be due depending on the dividend performance of the policy from year to year. No premiums will be due after the year 2020 under any circumstances, the husband reaching the age of 90 in that year. In fact, the policy, on its face, is called "Whole Life Insurance — Full Paid at Age 90." As already stated, the court finds that this is not what the parties bargained for. Also as already stated, however, the court finds that the wife waived the husband's breach.

Upon obtaining the policy just discussed, the husband, or his lawyer, provided a copy to the wife, or her lawyer. In a letter to the husband's lawyer dated July 24, 1987, the wife's lawyer wrote:

> Mrs. Cardwell has sent me a copy of the life insurance policy that Dr. Cardwell was to provide pursuant to the agreement. Please refer to page 7 of the property settlement agreement, paragraph 6, in which it is designated that wife shall be the owner of the life insurance policy. I have enclosed with this letter a copy of the policy, application, etc. which was provided Mrs. Cardwell. You will note that the owner of this policy is the insured who is, of course, Dr. Cardwell. In addition, the beneficiary is listed as "Shirley S. Cardwell, wife if surviving the insured; otherwise the executors, administrators or assigns of the insured." The property settlement agreement sets forth that this policy is to be owned by Mrs. Cardwell; this precludes his naming any other designated beneficiary other than Mrs. Cardwell. Would you please take this matter up with Dr. Cardwell pursuant to the agreement.

The matters raised by the wife's lawyer were corrected; that is, the wife was made the owner of the policy, and the provision for a contingent beneficiary was removed. Significantly, no mention is made in the wife's lawyer's letter about premiums being due on the policy in the future; that

is, that the policy was not fully paid up at the time of the wife's lawyer's letter. The court finds that such failure constitutes approval of the policy obtained. Accordingly, the wife has waived the husband's breach.

The wife points to paragraph 10 of the agreement to argue that a waiver did not occur. That paragraph provides:

> 10. *Modification and Waiver.* This agreement shall not be modified or annulled by the parties thereto except by written instrument, executed in the same manner as this instrument. The failure of either party to insist upon a strict performance of any provision of this agreement shall not be deemed a waiver of the right to insist upon a strict performance of such provisions or of any other provision of this agreement at any time.

It is the wife's position that this provision precludes any modification or waiver by her which is not in writing. The court disagrees.

It is clear in Virginia that a written contract may be orally modified even when oral modifications are supposedly prohibited by the written contract. In *Zurich Accident Ins. Co. v. Baum*, 159 Va. 404, 165 S.E. 518 (1932), the Court said:

> A contract in writing, but not required to be so by the statute of frauds, may be dissolved or varied by a new oral contract, which may or may not adopt as part of its terms some or all of the provisions of the original written contract . . . . Nor does it make any difference that the original written contract provided that it should not be substantially varied except by writing. This stipulation itself may be rescinded by parol and any oral variation of the writing which may be agreed upon and which is supported by a sufficient consideration is by necessary implication a rescission to that extent.

159 Va. at 409 (*quoting* Williston on Contracts, volume 3, section 1828). *See also Keepe v. Shell Oil*, 220 Va. 587, 260 S.E.2d 722 (1979) (provision prohibiting unwritten modification may be orally modified).

Here, the court finds that the wife, through her lawyer, by pointing out certain problems with the policy and subsequently accepting the policy when those problems were corrected, joined with the husband and his lawyer in modifying paragraph 6 of the agreement by not objecting to the fact that the policy was not then fully paid up and, in fact, was subject to future premium requirements if the policy's dividends were not sufficient

to pay future premiums. Such action by the wife, in light of the unambiguous language on the face of the policy which clearly set out its premium requirements, constituted a waiver of the wife's right to insist on a strict performance of paragraph 6, and this is true notwithstanding paragraph 10's non-modification and non-waiver provisions. Indeed, having allowed the husband to obtain the policy he did in 1987 with no complaint until now is, in the court's view, a clear and knowing waiver of the wife's rights. This is particularly true in light of the evidence that because of the husband's increased age and the general increase in insurance prices, it would now cost the husband up to an additional $20,000 to procure the policy which should have been procured in 1987. The wife's petition will be denied. This holding, of course, has no bearing on the husband's obligation to pay future premiums when and if they become due, it being the clear intent of the parties that the husband "provide to wife" the subject insurance.